IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Crim. No. 6:96-cr-70063 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| RONALD LEE PENNIX, | ) | By: Hon. James C. Turk |
| Defendant. | ) | Senior United States District Judge |
| | ) | |

This matter is before the court upon a pro se motion to return seized property, pursuant to Fed. R. Crim. P. 41(e),[1] filed by the defendant, Ronald Lee Pennix. Pennix explains that police seized $6,610 from his bedroom and dresser on June 13, 1996, and that this money was used at his sentencing hearing to increase his sentence. Pennix now claims that he can prove this money was not proceeds from his narcotics activity and that his attorney at the sentencing would not allow him to explain this fact to the court. He seeks return of his money. Upon review of the record, the court concludes that Pennix cannot demonstrate that he is entitled to return of the seized money and denies his motion.

To prove that he is entitled to return of this money, Pennix would first have to prove that the court wrongfully used the money to calculate his criminal sentencing range. Pennix cannot challenge the validity of his sentence under the rule allowing return of seized property, as such claims must be brought as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255. Court records reflect, however, that Pennix previously filed a §2255 motion and did not pursue this issue

---

[1] Rule 41 has now been amended such that a criminal defendant may seek return of seized property under Rule 41(g) rather than (e).
1

in that proceeding. See Pennix v. United States, Civil Action No. 7:99-cv-00334 (W.D. Va. 2000). Because Pennix does not provide any information indicating that the United States Court of Appeals for the Fourth Circuit has granted him the required certification to proceed with a second or successive §2255 motion on this issue, the court has no jurisdiction to construe and file his current claims as such a motion. See §2255, ¶8.

As Pennix cannot demonstrate that he is entitled to return of the seized property in question, it is hereby

**ORDERED**

that the defendant's "motion for return of property pursuant to Fed. R. Crim. P. 41(e)" shall be and hereby is **DENIED**.

The Clerk is directed to send certified copies of this memorandum opinion and order to the defendant and to counsel of record for the government.

ENTER: This 23rd day of June, 2005.

/s/ James C. Turk
Senior United States District Judge